SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JILL M. PIETRINI (Cal. Bar No. 138335)
    jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
    pbost@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
Telephone:   (310) 228-3700
Facsimile:    (310) 228-3701

Attorneys for Plaintiff
UNITED ARTISTS CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED ARTISTS CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNITED ARTIST STUDIOS LLC, a Nevada limited liability company; UNITED ARTIST FILM FESTIVAL LLC, a Nevada limited liability company; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:19-cv-00828 <br><br> **COMPLAINT FOR:** <br><br> **(1) TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114;** <br><br> **(2) FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** <br><br> **(3) TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** <br><br> **(4) CYBERPIRACY IN VIOLATION OF 15 U.S.C. § 1125(d);** <br><br> **(5) COMMON LAW TRADEMARK INFRINGEMENT;** <br><br> **(6) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*; AND** <br><br> **(7) COMMON LAW UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiff United Artists Corporation ("United Artists") hereby files its
2  complaint against defendants United Artist Studios LLC ("UAS") and United Artist
3  Film Festival LLC ("UAFF") (collectively, "Defendants") and Does 1-10, and
4  alleges as follows:

5                          **PRELIMINARY STATEMENT**

6         1.     United Artists is one of Hollywood's oldest and most venerated
7  producers and distributors of entertainment content.  Millions of consumers
8  worldwide immediately associate the UNITED ARTISTS marks with hundreds of
9  films that span a century of cinema history, including dozens of the greatest and
10  most iconic films ever made.  Defendants are infringing United Artists' registered
11  and famous trademarks by using the "United Artist" name to misleadingly brand
12  their business activities relating to the production and distribution of theatrical
13  content, thereby freeriding on United Artists' preeminent goodwill and reputation in
14  the entertainment industry.  When United Artists attempted to resolve this dispute
15  informally, Defendants responded with a startling diatribe of epithetical invective
16  and threats directed at United Artists' parent company and its counsel, leaving
17  United Artists with no choice but to enforce its rights against Defendants in federal
18  court.

19                              **JURISDICTION**

20         2.     This action arises under the trademark and anti-dilution laws of the
21  United States, 15 U.S.C. § 1051, *et seq.*, and under the statutory and common law
22  of unfair competition.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and
23  1338(a) and (b), and § 1367, and 15 U.S.C. § 1121.

24         3.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case
25  because United Artists resides in this District, and, on information and belief,
26  Defendants are subject to personal jurisdiction in this District and/or a substantial
27  part of the events or omissions giving rise to the instant claims occurred in this
28  District.

**PARTIES**

4.     United Artists is a Delaware corporation, having its principal place of business in Beverly Hills, California.

5.     On information and belief, UAS is a Nevada limited liability company, having its principal place of business in Las Vegas, Nevada, and does business in this District.

6.     On information and belief, UAFF is a Nevada limited liability company, having its principal place of business in Las Vegas, Nevada, and does business in this District.

7.     On information and belief, UAS and UAFF are related organizations and share officers, including, but not limited to, James Schramm.

8.     Defendants are subject to personal jurisdiction in this District because they do business in the District and/or the claims arose in this District.

9.     The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them ("the DOE Defendants"), are unknown to United Artists at this time, who therefore sues the DOE Defendants by such fictitious names.  When the true names and capacities or participation of the DOE Defendants are ascertained, United Artists will amend this complaint to assert the true names, identities and capacities.  United Artists is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to United Artists in some manner for the events and happenings alleged in this complaint.  United Artists is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

**UNITED ARTISTS' BUSINESS AND TRADEMARKS**

10.     United Artists and its predecessor entities have been active in the motion picture industry for a century.  United Artists was founded in February 1919

by industry legends D.W. Griffith, Charlie Chaplain, Mary Pickford, and Douglas Fairbanks.  Throughout its storied history, United Artists and its predecessor entities have produced and distributed films, television programs, and related entertainment products, and also have been involved continuously in motion picture and television financing, production, and distribution services.

11.    United Artists has produced or distributed many of cinema's greatest masterpieces and commercial successes, including *Modern Times* (1936), *A Star is Born* (1937), *Stagecoach* (1939), *High Noon* (1952), *Marty* (1955), *12 Angry Men* (1957), *The Apartment* (1960), *West Side Story* (1961), *In the Heat of the Night* (1967), *Midnight Cowboy* (1969), *Fiddler on the Roof* (1971), *One Flew Over the Cuckoo's Nest* (1975), *Network* (1976), *Annie Hall* (1977), *Apocalypse Now* (1979), *Raging Bull* (1980), *Rain Man* (1988), *The Thomas Crown Affair* (1999), *Capote* (2005), and *Valkyrie* (2008).  In addition, United Artists has produced several hit television series, including *Outer Limits* and *Rat Patrol*.  More recently, the hit television shows *Survivor*, *Shark Tank*, and *The Voice* were produced under the United Artists Media Group banner during the 2015-16 season.

12.    United Artists has undertaken the foregoing activities under the UNITED ARTISTS mark or versions thereof (the "UNITED ARTISTS Marks") and, consequently, owns common law rights in and federal registrations of the following UNITED ARTISTS Marks:

| Mark | Reg. No. | Class and Goods/Services | Reg. Date |
|---|---|---|---|
| UNITED ARTISTS | 1,624,112 | Class 41:  Entertainment services – namely production and distribution of motion pictures | Nov. 20, 1990 |
|  | 1,625,273 | Class 41:  Entertainment services – namely production and distribution of motion pictures | Nov. 27, 1990 |

| Mark | Reg. No. | Class and Goods/Services | Reg. Date |
|---|---|---|---|
|  | 2,091,641 | Class 9:  pre-recorded video tapes and video discs and motion picture films whose subject matter is entertainment, namely, action adventure, comedy, drama, literary, historical, biographical and suspense themes; cartoons<br><br>Class 16:  posters, film guides, film programs and books whose subject matter covers all topics related to motion picture films, including the history thereof and individuals featured in motion pictures<br><br>Class 41:  entertainment services, namely, production and distribution of motion pictures | Aug. 26, 1997 |
| UA | 3,431,329 | Class 9:  Motion picture films featuring entertainment, namely, action adventures, dramas, comedies, romances, science fiction, horror and mysteries; pre-recorded video discs and DVDs featuring entertainment<br><br>Class 41:  Entertainment services, namely, production and distribution of a series of theatrical motion pictures; providing a website featuring motion pictures and television programming | May 20, 2008 |
| UNITED ARTISTS MEDIA GROUP | 4,856,577 | Class 41:  Entertainment services, namely, production and distribution of motion pictures | Nov. 17, 2015 |
| UNITED ARTISTS MEDIA GROUP | 4,856,615 | Class 41:  Entertainment services, namely, production and distribution of television programming | Nov. 17, 2015 |
|  | 4,856,661 | Class 41:  Entertainment services, namely, production and distribution of motion pictures, television programs and Internet programming | Nov. 17, 2015 |

1    True and correct copies of certificates of registration reflecting these UNITED

2    ARTISTS Marks are attached hereto as **Exhibit A**.  United Artists also has a

3    pending application to federally register the mark UA UNITED ARTISTS

4    DIGITAL STUDIOS & Design (Ser. No. 88/002,587), which application was

5    recently published without opposition.  A true and correct copy of printouts from

6    the U.S. Patent & Trademark Office's ("PTO") website reflecting this application

7    are attached hereto as **Exhibit B**.

8                    **<u>DEFENDANTS AND THEIR INFRINGING ACTIONS</u>**

9            13.    On information and belief, Defendants are using the marks UNITED

10   ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL in conjunction with

11   services offered in the motion picture and entertainment industry, all without

12   United Artists' approval, license, or consent.

13           14.    On information and belief, UAS operates a website on the URL

14   www.unitedartiststudios.com (the "UAS Website").  On the UAS Website, UAS

15   expressly claims trademark rights in both UNITED ARTISTS STUDIOS and

16   UNITED ARTIST FILM FESTIVAL and – until recently – identified itself as "a

17   motion picture entertainment company," as set forth in the below screenshot of the

18   UAS Website, captured, on information and belief, on or around August 18, 2018:

19

20

21

22

23

24

25

26

27

28

After receiving United Artists' initial cease and desist letter (as described below in Paragraph 19), UAS replaced the words "a motion picture entertainment company" with "a multi-media entertainment film studio and conglomerate," as set forth in the below screenshot of the UAS Website, captured on February 4, 2019:



15.     On information and belief, UAFF operates a website on the URL www.unitedartistfilmfestival.com (the "UAFF Website"). On the UAFF Website, UAFF prominently uses the UNITED ARTIST FILM FESTIVAL mark as the name of a film festival, as set forth in the below screenshot of the "The Program" page of the UAFF Website, captured on February 4, 2019:

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22    16.    As the above screenshot reflects, UAFF states that it is "the only film

23  festival that guarantees a commercial studio level theatrical distribution deal

24  (release) for ALL winners (1st, 2nd and 3rd place)."  Further, UAFF states that it

25  "will broadcast [its] annual event on several national and international TV networks

26  reaching America as well as 120 other countries."  Notably, the UAFF Website

27  does not include a privacy policy, terms and conditions, or any contact information

28  for UAFF, and does not identify the individuals and companies purportedly behind

1  the UNITED ARTIST FILM FESTIVAL or when or on which networks the

2  UNITED ARTIST FILM FESTIVAL is scheduled to air.  Also, the UAFF Website

3  states that "all finalist [sic] will be listed here by [February] 1, 2019" and that

4  "2018 winners will be announced [February] 3, 2019," but as of February 4, 2019

5  the UAFF Website does not appear to identify finalists or winners of the purported

6  film festival.

7      17.    On the "Submit & Register" page of the UAFF Website, UAFF solicits

8  filmmakers to submit their feature films, documentary and short films, theatrical

9  trailers, and music videos for consideration in the UNITED ARTIST FILM

10  FESTIVAL.  Entry fees range from $50 - $200, and PayPal links are provided for

11  payment.

12      18.    Defendants' use of the UNITED ARTIST STUDIOS and UNITED

13  ARTIST FILM FESTIVAL marks is likely to cause consumers to mistakenly and

14  erroneously believe that Defendants, their marks, and/or the services offered

15  thereunder have their source or origin with United Artists, are affiliated or

16  connected with United Artists, or are endorsed or approved by United Artists.

17  United Artists is damaged by Defendants' unauthorized use of the UNITED

18  ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks.  Among

19  other things, consumers are likely to believe that United Artists is affiliated with, or

20  is the originator of, the UNITED ARTIST FILM FESTIVAL, which it is not.

21      19.    On September 7, 2018, counsel for United Artists sent Defendants a

22  letter demanding that they cease and desist any and all infringement of the UNITED

23  ARTISTS Marks.  A true and correct copy of the September 7, 2018 demand letter

24  to Defendants is attached hereto as **Exhibit C.**

25      20.    On September 7, 2018, Mr. Schramm responded to counsel for United

26  Artists by email – twice – and therein profanely denied United Artists' claims and

27  refused its requests to resolve the matter amicably.  True and correct copies of those

28  emails are attached hereto as **Exhibit D**.  That same day, Mr. Schramm left a

voicemail for the chairperson of United Artists' counsel's law firm, who had – and has – no involvement in this matter and has never represented United Artists.

21.     On September 27, 2018, counsel for United Artists sent Mr. Schramm a letter responding to his communications of September 7, 2018.  A true and correct copy of United Artists' September 27, 2017 letter is attached hereto as **Exhibit E**.

22.     On September 27, 2018, Mr. Schramm responded with yet another expletive-laden email to United Artists' counsel again denying United Artists' claims and refusing its requests to resolve the matter amicably.  A true and correct copy of that email is attached hereto as **Exhibit F**.

23.     On October 4, 2018, the operator of the email address films@unitedartistfilmfestival.com (presumably Mr. Schramm) responded to United Artists' September 27, 2018 letter, denying United Artists' claims and stating that it would not "cease and dismiss."  A true and correct copy of this email is attached hereto as **Exhibit G**.

24.     Defendants have not ceased their unlawful activities and continue to infringe and otherwise violate United Artists' intellectual property rights.

## FIRST CAUSE OF ACTION

### (Trademark Infringement – 15 U.S.C. §§ 1114 – Against Defendants)

25.     United Artists repeats and realleges each and every allegation of paragraphs 1 through 24, above, as though fully set forth herein.

26.     Defendants have used in commerce, without United Artists' permission or authorization, the UNITED ARTISTS Marks or marks confusingly similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks – in a manner that is likely to cause confusion with respect to the source and origin of Defendants' services and is likely to cause confusion or mistake and to deceive purchasers as to United Artists' affiliation, connection, or association with, or approval or sponsorship of, Defendants, their businesses, and/or their services.

1      27.     Defendants' acts constitute infringement of the UNITED ARTISTS

2   Marks in violation of 15 U.S.C. § 1114.

3      28.     As a direct and proximate result of Defendants' wrongful acts, United

4   Artists has suffered and continues to suffer and/or is likely to suffer damage to its

5   trademarks, business reputation, and goodwill.  Defendants will continue to use,

6   unless restrained, the UNITED ARTISTS Marks or marks confusingly similar

7   thereto, and will cause irreparable damage to United Artists.  United Artists has no

8   adequate remedy at law and is entitled to an injunction restraining Defendants and,

9   as applicable, their officers, members, agents, servants, and employees, and all

10  persons acting in concert with them, from engaging in further acts of infringement.

11     29.     United Artists is further entitled to recover from Defendants the actual

12  damages that United Artists has sustained, is sustaining, and/or is likely to sustain

13  as a result of Defendants' wrongful acts.

14     30.     United Artists is further entitled to recover from Defendants the gains,

15  profits, and advantages that Defendants have obtained as a result of their wrongful

16  acts.

17     31.     Because of the willful nature of Defendants' wrongful acts, United

18  Artists is entitled to an award of treble damages and increased profits under 15

19  U.S.C. § 1117.

20     32.     Pursuant to 15 U.S.C. § 1117, United Artists is also entitled to recover

21  its costs of suit, and its attorneys' fees because this is an exceptional case.

22                          **SECOND CAUSE OF ACTION**

23  **(False Designation of Origin and Association – 15 U.S.C. § 1125(a) – Against**

24                                  **Defendants)**

25     33.     United Artists repeats and realleges each and every allegation of

26  paragraphs 1 through 32, above, as though fully set forth herein.

27     34.     Defendants' unauthorized use of the UNITED ARTISTS Marks or

28  marks confusingly similar thereto – specifically, the UNITED ARTIST STUDIOS

and UNITED ARTIST FILM FESTIVAL marks – in conjunction with Defendants' businesses and their offering of services in the motion picture or entertainment industry, Defendants' false designation of origin, and Defendants' false and misleading descriptions and representations of fact, as alleged herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with United Artists, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by United Artists in violation of 15 U.S.C. § 1125(a).

35.    As a direct and proximate result of Defendants' wrongful acts, United Artists has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue, unless restrained, to conduct their business and offer services using the UNITED ARTISTS Marks or other trademarks confusingly similar thereto and will cause irreparable damage to United Artists.   United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin or association.

36.    United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.  United Artists is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of false designation of origin or affiliation.

37.    United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  United Artists is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin or affiliation.

38.    Because of the willful nature of Defendants' wrongful acts, United Artists is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

39.    Pursuant to 15 U.S.C. §1117, United Artists is also entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

### THIRD CAUSE OF ACTION

### (Dilution – 15 U.S.C.§ 1125(c) – Against Defendants)

40.    United Artists repeats and realleges each and every allegation of paragraphs 1 through 39, above, as though fully set forth herein.

41.    United Artists began using the UNITED ARTISTS Marks before Defendants began promoting and using the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks.  The UNITED ARTISTS Marks are inherently distinctive and have acquired distinction through United Artists' extensive, continuous, and exclusive use of them.

42.    The UNITED ARTISTS Marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

43.    Defendants' use of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks is likely to dilute by blurring and/or tarnishment the distinctive quality of the UNITED ARTISTS Marks in violation of 15 U.S.C. § 1125(c).

44.    Defendants' acts complained of herein are likely to damage United Artists irreparably.  United Artists has no adequate remedy at law for such wrongs and injuries.  The damage to United Artists includes harm to its trademarks, goodwill, and reputation that money cannot compensate.  United Artists is therefore entitled to a preliminary and permanent injunction enjoining Defendants' use of the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks and the UNITED ARTISTS Marks or any marks likely to dilute such Marks in connection with the promotion, advertisement and sale of any services offered by

1    Defendants.

2        45.    Because of the willful nature of Defendants' actions, United Artists is

3    further entitled to recover from Defendants its actual damages sustained by United

4    Artists as a result of Defendants' wrongful acts.  United Artists is presently unable

5    to ascertain the full extent of the monetary damages it has suffered by reason of

6    Defendants' acts of dilution.

7        46.    Because of the willful nature of Defendants' actions, United Artists is

8    further entitled to recover from Defendants the gains, profits, and advantages

9    Defendants have obtained as a result of their wrongful acts.  United Artists is

10   presently unable to ascertain the extent of the gains, profits, and advantages

11   Defendants have realized by reason of Defendants' willful acts of dilution.

12       47.    Pursuant to 15 U.S.C. § 1117, United Artists is entitled to recover its

13   costs of suit, and its attorneys' fees because this is an exceptional case.

14                          **FOURTH CAUSE OF ACTION**

15           **(Cyberpiracy – 15 U.S.C.§ 1125(d) – Against Defendants)**

16       48.    United Artists repeats and realleges each and every allegation of

17   paragraphs 1 through 47, above, as though fully set forth herein.

18       49.    Defendants used and are using the UNITED ARTIST STUDIOS and

19   UNITED ARTIST FILM FESTIVAL marks with a bad faith intent to profit from

20   the UNITED ARTISTS Marks.

21       50.    Defendants registered, are trafficking in, and are using the domain

22   names www.unitedartiststudios.com and www.unitedartistfilmfestival.com, both of

23   which are confusingly similar to the UNITED ARTISTS Marks.

24       51.    As of the date Defendants registered and began trafficking in and using

25   the domain names www.unitedartiststudios.com and

26   www.unitedartistfilmfestival.com, the UNITED ARTISTS Marks were distinctive

27   and the UNITED ARTISTS Marks were famous.

28       52.    As a direct and proximate result of Defendants' wrongful acts, United

Artists has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation, and goodwill.  Defendants will continue, unless restrained, to conduct their business and offer services using the UNITED ARTISTS Marks or other trademarks confusingly similar thereto in the subject domain names and will cause irreparable damage to United Artists.  United Artists has no adequate remedy at law and is entitled to an injunction restraining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of cyberpiracy, and is also entitled to an order transferring the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com to United Artists.

53.    United Artists is further entitled to recover from Defendants the actual damages that United Artists has sustained, is sustaining, and/or is likely to sustain as a result of Defendants' wrongful acts.  United Artists is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of cyberpiracy.

54.    United Artists is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.  United Artists is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of cyberpiracy.

55.    Because of the willful nature of Defendants' wrongful acts, United Artists is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

56.    Pursuant to 15 U.S.C. § 1117, United Artists is also entitled to recover its costs of suit, and its attorneys' fees because this is an exceptional case.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement – Common Law – Against Defendants)

57.    United Artists repeats and realleges each and every allegation of

1    paragraphs 1 through 56, above, as though fully set forth herein.

2        58.    Defendants have used in commerce, without United Artists' permission

3 or authorization, the UNITED ARTISTS Marks or marks confusingly similar

4 thereto – specifically, the UNITED ARTIST STUDIOS and UNITED ARTIST

5 FILM FESTIVAL marks – in a manner that is likely to cause confusion with

6 respect to the source and origin of Defendants' services and is likely to cause

7 confusion or mistake and to deceive purchasers as to United Artists' affiliation,

8 connection, or association with, or approval or sponsorship of, Defendants, their

9 businesses, and/or their services.

10        59.    Defendants' acts constitute infringement of the UNITED ARTISTS

11 Marks in violation of the common law.

12        60.    As a direct and proximate result of Defendants' wrongful acts, United

13 Artists has suffered and continues to suffer and/or is likely to suffer damage to its

14 trademarks, business reputation, and goodwill.  Defendants will continue to use,

15 unless restrained, the UNITED ARTISTS Marks or marks confusingly similar

16 thereto, and will cause irreparable damage to United Artists.  United Artists has no

17 adequate remedy at law and is entitled to an injunction restraining Defendants and,

18 as applicable, their officers, members, agents, servants, and employees, and all

19 persons acting in concert with them, from engaging in further acts of infringement.

20        61.    United Artists is further entitled to recover from Defendants the actual

21 damages that United Artists has sustained, is sustaining, and/or is likely to sustain

22 as a result of Defendants' wrongful acts.

23        62.    United Artists is further entitled to recover from Defendants the gains,

24 profits, and advantages that Defendants have obtained as a result of their wrongful

25 acts.

26        63.    Because of the willful nature of Defendants' wrongful acts, United

27 Artists is entitled to an award of punitive damages.

28

**SIXTH CAUSE OF ACTION**

**(Unfair Competition – Cal. Bus. & Prof. Code §§ 17200, *et seq* – Against Defendants)**

64.     United Artists repeats and realleges each and every allegation of paragraphs 1 through 63, above, as though fully set forth herein.

65.     By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 *et seq.* of the California Bus. & Prof. Code.

66.     Defendants' acts complained of herein have injured and will continue to injure United Artists irreparably.  United Artists has no adequate remedy at law for these wrongs and injuries.  The injury to United Artists includes harm to its UNITED ARTISTS Marks, goodwill, and reputation in the marketplace that money cannot compensate.  United Artists is therefore entitled to:  (a) injunctive relief restraining and enjoining Defendants and, as applicable, their officers, members, agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using the UNITED ARTISTS Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in connection with the marketing or sale of any services by Defendants; and (b) restitution of Defendants' profits earned from their unauthorized use of the UNITED ARTISTS Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits United Artists has a vested interest.

**SEVENTH CAUSE OF ACTION**

**(Unfair Competition – Common Law – Against Defendants)**

67.     United Artists repeats and realleges each and every allegation of paragraphs 1 through 66, above, as though fully set forth herein.

68.     United Artists invested substantial time and money in its development of the UNITED ARTISTS Marks.

69.     Defendants used the UNITED ARTISTS Marks or marks confusingly

1   similar thereto – specifically, the UNITED ARTIST STUDIOS and UNITED

2   ARTIST FILM FESTIVAL marks – to build its business and/or pass off its

3   business as that of United Artists' without United Artists' authorization.

4       70.   Likewise, Defendants passed off its services offered under the

5   UNITED ARTISTS Marks or marks confusingly similar thereto – specifically, the

6   UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks – in

7   a manner likely to cause confusion as to the source of Defendants' services or as to

8   United Artists' association or affiliation with, or sponsorship of, Defendants'

9   services.

10      71.   As a direct and proximate result of Defendants' wrongful acts, United

11  Artists has suffered and continues to suffer and/or is likely to suffer damage to its

12  trademarks, business reputation, and goodwill.  Defendants will continue, unless

13  restrained, to pass off its business as that of United Artists' and to conduct their

14  business and offer services using the UNITED ARTISTS Marks or other

15  trademarks confusingly similar thereto and will cause irreparable damage to United

16  Artists.   United Artists has no adequate remedy at law and is entitled to an

17  injunction restraining Defendants and, as applicable, their officers, members,

18  agents, servants, and employees, and all persons acting in concert with them, from

19  engaging in further acts of unfair competition.

20      72.   United Artists is further entitled to recover from Defendants the actual

21  damages that United Artists has sustained, is sustaining, and/or is likely to sustain

22  as a result of Defendants' wrongful acts.  United Artists is presently unable to

23  ascertain the full extent of the monetary damages that it has suffered and/or is likely

24  to sustain by reason of Defendants' acts of unfair competition.

25      73.   United Artists is further entitled to recover from Defendants the gains,

26  profits, and advantages that Defendants have obtained as a result of their wrongful

27  acts.  United Artists is presently unable to ascertain the extent of the gains, profits,

28  and advantages that Defendants have realized by reason of their acts of unfair

1   competition.

2   74.   Because of the willful nature of Defendants' wrongful acts, United

3   Artists is entitled to an award of punitive damages.

4   **PRAYER FOR RELIEF**

5   WHEREFORE, United Artists prays that this Court enter judgment against

6   Defendants as follows:

7   1.   Finding that Defendants have:  infringed the UNITED ARTISTS

8   Marks under 15 U.S.C. § 1114 and the common law; violated 15 U.S.C. § 1125(a);

9   diluted the UNITED ARTISTS mark under 15 U.S.C. § 1125(c); committed

10   cyberpiracy under 15 U.S.C. § 1125(d); violated Cal. Bus. & Prof. Code § 17200 by

11   engaging in unlawful, unfair, and fraudulent business practices; and committed

12   unfair competition under the common law;

13   2.   Ordering that Defendants and, as applicable, their officers, agents,

14   servants, directors, employees, servants, partners, representatives, assigns,

15   successors, related companies, and attorneys and all persons in active concert or

16   participation with Defendants or with any of the foregoing be enjoined

17   preliminarily during the pendency of this action and permanently thereafter from:

18   a.   Manufacturing, transporting, promoting, importing,

19   advertising, publicizing, distributing, offering for sale, or selling any goods or

20   services offered under the UNITED ARTIST STUDIOS and UNITED ARTIST

21   FILM FESTIVAL marks, UNITED ARTISTS Marks, or any other mark, name,

22   symbol, or logo, which is likely to cause confusion or to cause mistake or to

23   deceive persons into the erroneous belief that any goods or services that Defendants

24   caused to enter the stream of commerce or any of Defendants' commercial

25   activities are sponsored or licensed by United Artists, are authorized by United

26   Artists, or are connected or affiliated in some way with United Artists or the

27   UNITED ARTISTS Marks;

28   b.   Manufacturing, transporting, promoting, importing,

advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks;

              c.      Implying United Artists' approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' goods, services, or commercial activities, passing off Defendants' business as that of United Artists', or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with United Artists and from otherwise interfering with or injuring the UNITED ARTISTS Marks or the goodwill associated therewith;

              d.      Engaging in any act which is likely to dilute the distinctive quality of the UNITED ARTISTS Marks and/or injures United Artists' business reputation;

              e.      Representing or implying that Defendants are in any way sponsored by, affiliated with, or licensed by United Artists; or

              f.      Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (e) above.

     3.     Ordering that United Artists is the exclusive owner of the UNITED ARTISTS Marks and that such marks are valid and protectable;

     4.     Ordering that Defendants be required to deliver to United Artists for destruction any and all digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of their possession, custody, or control bearing the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or

colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks;

5.      Ordering the transfer of the domain names www.unitedartiststudios.com and www.unitedartistfilmfestival.com, and any other domain names confusingly similar to the UNITED ARTISTS Marks, to United Artists;

6.      Granting an award of damages suffered by United Artists according to proof at the time of trial;

7.      Ordering that Defendants account to United Artists for any and all profits earned as a result of Defendants' acts in violation of United Artists' rights under the Lanham Act and the common law;

8.      Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

9.      Ordering restitution of Defendants' profits earned from their unauthorized use of the UNITED ARTISTS Marks or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits United Artists has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

10.     Granting an award of punitive damages for the willful and wanton nature of Defendants' aforesaid acts under the common law;

11.     For pre-judgment interest on any recovery by United Artists;

12.     Granting an award of United Artists' costs, expenses, and reasonable attorneys' fees; and

/ / /

/ / /

/ / /

1      13. Granting such other and further relief as is just and proper.

2              Respectfully submitted,

3              SHEPPARD MULLIN RICHTER & HAMPTON LLP

4

5    Dated:  February 4, 2019   By: /s/Jill M. Pietrini

6              Jill M. Pietrini
               Paul A. Bost

7              Attorneys for Plaintiff
               UNITED ARTISTS CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **JURY DEMAND**

2

United Artists demands a trial by jury of all issues triable by jury.

3

Respectfully submitted,

4

SHEPPARD MULLIN RICHTER & HAMPTON LLP

5

6

Dated:  February 4, 2019                    By: /s/Jill M. Pietrini

7

Jill M. Pietrini
Paul A. Bost

8

Attorneys for Plaintiff
UNITED ARTISTS CORPORATION

9

SMRH:488084697.6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -