# Exhibit E

# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

Jill M. Pietrini
310.228.3723 direct
jpietrini@sheppardmullin.com

September 27, 2018

File Number:  01WA-260403-006

James Schramm
Owner
UNITED ARTIST STUDIOS LLC/UNITED
ARTIST FILM FESTIVAL LLC
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV  89169

**VIA U.S. PRIORITY MAIL & EMAIL:**
**jps@boschmediacorp.com;**
**info@mcs41.com, jps@mcs41.com;**
**films@unitedartistfilmfestival.com**

    **Re:** **Infringement of United Artists Corporation's Intellectual Property**
          **Derived from the *United Artist Film Festival* by United Artist Studios**

Dear Mr. Schramm:

This letter responds to your correspondence and communications of September 7, 2018 regarding this matter.  While we appreciate your prompt response, as an initial matter, please direct all future communications to me or someone I designate and not anyone else in my firm, and refrain from using profanity in your communications.  Alternatively, please refer this matter to an attorney for a civil and substantive response.

We have reviewed your arguments in your correspondence and do not find them convincing.  In fact, you misapprehend the relevant law and facts in several respects.  As a result, we do not believe that any of your assertions have merit, as more fully set forth below.

Your first email upon receiving our cease and desist letter concerning the unauthorized use of intellectual property owned by United Artists by your UA Companies begins by alleging attempts to cause *droit moral*, violations of ethics protocols, and challenges to constitutional rights.  These allegations are patently without merit.  As you know, the rule of *droit moral* does not apply here, nor are your constitutional rights being challenged.  You are committing trademark infringement.  Your right to free speech and alleged artist rights in entertainment works (*droit moral*) are not impinged in any way, and are not defenses to trademark infringement.  Nor are the purported violations of ethics protocols.

Your primary defenses asserted in your emails are that (1) the spelling of UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL is different than UNITED ARTISTS, (2) the services offered by your UA Companies are different than those offered by United Artists, and (3) the UA Companies themselves are completely different companies.  Your analysis of United Artists' trademark infringement claim is cursory, at best.  Your assertion that the marks are distinguishable ignores the prominent and important common use of UNITED ARTIST in the marks and company names, and ignores the related (if not identical) nature of the entertainment services offered by the parties.  Furthermore, your argument against confusion based on different services is undercut by the fact that both parties offer entertainment services relating to motion picture films.  In your second email, you acknowledge as much, stating, "Your *[sic]* trade marked for an entertainment company namely production and distribution of motion pictures."  Up until at least August 28, 2018, you promoted United Artist Studios on your

**SheppardMullin**

James Schramm
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
September 27, 2018
Page 2

website at <unitedartiststudios.com> as "a motion picture entertainment company".  It is self-evident that two entertainment companies offering entertainment-related services, using essentially the same name, will conflict with one another and cause the relevant consumers to be confused.   Thus, your argument fails.  We note that you have since changed this wording on your website to describe United Artist Studios as "a multinational conglomerate".  That you now call United Artist Studios a "multinational conglomerate" does not change the analysis of a likelihood of confusion.

You further assert in your emails that your "distribution is BOSCH", which is belied by the facts.  As stated in our letter, you are using a variation of the UNITED ARTISTS mark without authorization to promote the infringing United Artist Services offered by the UA Companies through your registered domain names <unitedartiststudios.com>, <unitedartistfilmfestival.com> and <xli41.com>, and also promoted by AWFF on its website located at <asianworldfilmfest.org/our-2017-sponsors-partners-2>.  There is no distribution by Bosch on these websites of the infringing United Artist Services.  In your LinkedIn profile, you claim ownership of several Bosch-related entities, including Bosch Racing, Bosch International, and Bosch Media.  We note that the infringing United Artist Services do not appear anywhere on the websites corresponding to your Bosch companies, namely, <boschracing.com>, <boschintl.com>, and <boschmediacorp.com> (the latter which redirects to <boschtec.com>) respectively.  Nor do your Bosch companies provide distribution for the online content appearing at your domain names or on AWFF's website.  In short, your assertion that your distribution is BOSCH is false, but even if true, would be irrelevant.

Another "defense" asserted in your emails is that United Artists does not actively use the company name and "[n]obody ever sees it".  The basis of your position appears to be that United Artists does not use its trademarks or that they appear as "MGM or MGM/UA or UA media for TV".  You can view, online, the evidence of use submitted to the U.S. Patent & Trademark Office to support United Artists' trademark registrations of its UNITED ARTISTS marks.  If you truly believe that United Artists no longer uses its marks, and have any shred of evidence to support your claim, then by all means, please produce it.

Apparently as another "defense" asserted in your emails, you state that MGM and United Artists "had nothing to do with" how you "came up with the names of your companies".  Yet your correspondence does not explain how you arrived at selecting the UNITED ARTIST names for your UA Companies.  Based on your biography posted at <imdb.com/name/nm1682990/bio>, you claim to have over fifteen years' experience in the motion picture industry as a theatrical distributor "(Studio level Domestic Theatrical Distribution/Placements of motion pictures, Studio films and Indies)".  With such experience, you should be aware of United Artists' nearly one hundred years' existence as a motion picture studio and its vast library of award-winning films and television shows that bear its trademarks.  Given the fame of United Artists, one can assume that your process for name selection did not include a trademark clearance or availability search, supported by a trademark attorney's clearance opinion letter.  Had you done so, you would have found that the mark UNITED ARTIST was unavailable for use in connection with entertainment-related services.   You might have then considered naming your entertainment services after one of your many companies, e.g., Bosch, Metropolitan, or Romar Entertainment.  As stated previously, the UNITED ARTISTS marks have acquired substantial fame and goodwill and are associated exclusively with MGM and United Artists.  In light of the above facts, it is clear that you selected the name UNITED ARTIST for the infringing United Artists Services with the purpose and intention of passing off your services as of those of United

**SheppardMullin**

James Schramm
UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC
September 27, 2018
Page 3

Artists or, at least, drawing a false association with United Artists. In short, your feigned lack of intent to infringe MGM's and United Artist's rights in UNITED ARTISTS will be unsuccessful.

You also state that United Artists' trademark registrations are irrelevant. There is no question that United Artists owns valid, subsisting and incontestable trademark registrations of UNITED ARTISTS, and these registrations of the UNITED ARTIST marks provide our client with presumptions of the validity of the trademarks and of the exclusive right to use the marks throughout the U.S. Further, United Artists' registrations of UNITED ARTISTS in block letters provides United Artists and MGM with protection of the mark UNITED ARTISTS in any format. Thus, United Artists' trademark registrations are clearly relevant to this dispute.

For these reasons, we firmly disagree with your assertions that there is no infringement or false designation of origin, and we reassert United Artists' and MGM's demands set forth in its September 7, 2018, letter to you. We cannot overstate the seriousness with which MGM and United Artists view this matter and their resolve to vindicate their rights. MGM and United Artists are prepared to take further action and seek all remedies available to them for your unlawful acts. If we do not receive a satisfactory response **by October 4, 2018**, MGM and United Artists will proceed as they deem appropriate without further advance notice to you.

Nothing contained in this letter, nor any act or omission to act by MGM and/or United Artists is intended or should be deemed to be a waiver, abridgment, alteration, modification or reduction of any rights, claims, defenses or remedies that MGM and/or United Artists may have in regard to this matter and all such rights, claims, defenses and remedies, whether at law or in equity, are hereby expressly reserved.

Very truly yours,

Jill M. Pietrini
SHEPPARD MULLIN RICHTER & HAMPTON LLP

JMP:RW
cc:     R. Holland Campbell, Esq.
        Robert Walsh

**AGREED AND ACCEPTED:**

**UNITED ARTIST STUDIOS LLC /
UNITED ARTIST FILM FESTIVAL LLC**

_____          Date: _____

James Schramm
Owner