1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| UNITED ARTISTS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED ARTIST STUDIOS LLC, a Nevada limited liability company; UNITED ARTIST FILM FESTIVAL LLC, a Nevada limited liability company; XLI TECHNOLOGIES INC., a revoked Nevada corporation; XLI41 L.L.C., a Nevada limited liability company; JAMES P. SCHRAMM, an individual; and DOES 1–10, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIMS. | Case No. 2:19-CV-828-MWF (MAAx)<br><br>**ORDER GRANTING PLAINTIFF AND COUNTER-DEFENDANT UNITED ARTISTS CORPORATION'S MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS** |
|---|---|

After consideration of Plaintiff and Counter-defendant United Artists Corporation's ("United Artists") motion for preliminary injunction against Defendants United Artist Studios LLC; United Artist Film Festival LLC; XLI

-1-

Technologies Inc.; XLI41 L.L.C.; and James P. Schramm (collectively, "Defendants"), all other papers filed herein, the records of the case, hearing on the motion on June 3, 2019, and good cause appearing, the Court hereby orders as follows:

    IT IS HEREBY ORDERED that United Artists' motion is granted in its entirety;

    IT IS HEREBY FURTHER ORDERED that Defendants and, as applicable, their officers, agents, servants, directors, employees, servants, partners, representatives, assigns, successors, related companies, and attorneys and all persons in active concert or participation with Defendants or with any of the foregoing who receive notice of this Injunction by personal service or otherwise, be enjoined preliminarily during the pendency of this action from:

    a.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services in the entertainment industry offered under the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, the UNITED ARTISTS Marks (as defined in Paragraph 15 of United Artists' First Amended Complaint), or any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendants caused to enter the stream of commerce or any of Defendants' commercial activities are sponsored or licensed by United Artists, are authorized by United Artists, or are connected or affiliated in some way with United Artists or the UNITED ARTISTS Marks;

    b.    Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services in the entertainment industry offered under the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks,

the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks;

c. Implying United Artists' approval, endorsement, or sponsorship of, or affiliation or connection with, Defendants' goods, services, or commercial activities, passing off Defendants' business as that of United Artists;

d. Operating Defendants' businesses under the trade names United Artist Studios LLC or United Artist Film Festival LLC;

e. Representing or implying that Defendants are in any way sponsored by, affiliated with, or licensed by United Artists; or

f. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (e) above.

IT IS SO ORDERED.

Dated: June 3, 2019

_____
MICHAEL W. FITZGERALD
United States District Judge