Eric Sapir (SBN 282740)
esapir@calicounsels.com
LAW OFFICE OF ERIC SAPIR
11040 Santa Monica Blvd., Suite 208
Los Angeles, CA 90025
Tel: (424) 384-1650
Fax: (424-384-1651

Attorney for Defendants

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

UNITED ARTISTS CORPORATION,
a Delaware Corporation,

               Plaintiff,

v.

UNITED ARTIST STUDIOS LLC, a
Nevada limited liability company;
UNITED ARTIST FILM FESTIVAL
LLC, a Nevada limited liability
company; XLI TECHNOLOGIES
INC., a revoked Nevada corporation;
XLI41 L.L.C., a Nevada limited
liability company; JAMES P.
SCHRAMM, an individual; and
DOES 1-10, inclusive,

               Defendants.

Case No. 2:19-cv-00828

**OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING
ORDER**

Date:        October 10, 2019
Time:        3:00 p.m.
Courtroom: 351 W 1st St., 5A
Judge:      Hon. Michael W. Fitzgerald

//

//

- 1 -

## I. <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

COME NOW Defendants and Counterclaimants, by and through their counsel of record, who hereby submit their Opposition to Plaintiffs Motion for Temporary Restraining Order

Plaintiff cannot meet any of the requirements for a temporary restraining order or a preliminary injunction, thus, its motion must be denied. In order to obtain a temporary restraining order pursuant to Fed . R. Civ. P . 65(b), Plaintiff must demonstrate that it clearly appears from specific facts shown by affidavit that immediate and irreparable injury, loss, or damage will result. Where the opposing parties have notice, the procedure and standards for issuance of a temporary restraining order are the same as for a preliminary injunction. *Stine v. R. Wiley,* 2007 WL 201251 (D .Colo .). Plaintiff must establish that it will suffer irreparable harm unless the injunction issues; that there is a substantial likelihood that it will ultimately prevail on the merits; that the threatened injury outweighs any harm the proposed injunction may cause the opposing party; and that the injunction would not be contrary to the public interest. *Id.*

In *Sun v. Belaski,* 933 F .2d 1019 (10th Cir. 1991), the petitioner moved for a temporary restraining order to enjoin harassment he alleged he suffered at the hands of prison employees and inmates. *Id.*  The magistrate judge recommended that the petition be dismissed in part because petitioner's claims were conclusory

statements without supporting factual allegations. The District Court adopted the recommendation, and the Tenth Circuit Court affirmed that all of petitioner's claims presented in his petition were fatally vague and conclusory. *Id.*

Likewise, Plaintiff's claims are fatally vague, conclusory statements based on speculation as to intent without supporting factual allegations. Plaintiff's claims are "vague and conclusory and wholly devoid of specific factual support." *Id.* Plaintiff has absolutely no evidence or any specific factual support to corroborate its obscure and conclusory allegations that any of the defendants are harassing and intimidating it other than a phone call, emails, each of which do not contain any harassing or threatening conduct other than notifying Dan Flores that his conduct outside the courtroom was unacceptable and that steps would be taken to let the public know about it, which is defendants' constitutional right. The incident after the hearing is contradicted both by defendants and presumably the cameras present in the Courthouse. Further, defendants' communications with respect to Dan Flores, as Mr Schramm has stated directly to Dan Flores and is supported in his declaration, deal with the incident after the courthouse and do not pertain to this current case hand. Simply stated, such communications pertain to a matter than is completely distinct and separate from the case at hand.

Moreover, Plaintiff fails to allege any facts that demonstrate it is facing any injury, much less immediate and irreparable injury. Plaintiff fails to demonstrate

**OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**

with clear, specific factual allegations exactly what immediate and irreparable

injury will result unless a temporary restraining order is issued.

Lastly, Mr. Schramm's conduct is legitimate protected speech under the

First Amendment.

## II. PLAINTIFF HAS FAILED TO MAKE THE REQUIRED SHOWING NECESSARY FOR IMPOSITION OF A PROHIBITION ON DEFENDANTS' SPEECH

The prohibitory portion of the proposed injunction/restraining order would

impose a speech restriction on Defendants, forbidding them from engaging in

protected free speech activities and activities to inform the public of conduct that

actually transpired.  The prohibitory portion of the injunction constitutes a "prior

restraint" on Defendants' speech, as the proposed order would "forbid[] certain

communications . . . in advance of the time that such communications are to

occur." *Alexander v. United States*, 509 U.S. 544, 113 S. Ct. 2766, 2771 (1993).

Under the First Amendment of the United States Constitution, there is a

"presumption against prior restraints." *Burch v. Barker*, 861 F.2d 1149, 1155 (9th

Cir. 1988).

Because this prohibition is a "prior restraint" on Defendants' speech, it is

subject to heightened standards for injunctive relief. Plaintiff fails to explain how

that presumption against prior restraints affects this Court's analysis. Under the

already rigorous standard cited by Plaintiff in its Motion, Plaintiff must establish

- 4 -

that it is "likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). What Plaintiff's Motion omits, is that if there is any risk "that protected First Amendment speech would be restrained . . .only a particularly strong showing of likely success, **and of harm** . . . could suffice to justify issuing the requested injunction." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950, 958 (9th Cir. 2010) (emphasis supplied). Plaintiff has failed to satisfy this exceedingly high threshold, let alone the already high threshold imposed by *Winter*. This failure justifies denial of Plaintiff's requested relief.

## III.   PLAINTIFF IS NOT LIKELY TO SUCCEED ON ITS MERITS

As plaintiff pointed out in its moving papers, harassment is "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." Cal. Civ. Proc. Code § 527.6(b)(3).

Mr. Schramm's conduct does not rise to the level of harassment.  As Mr. Schramm has stated in his declaration, he did not assault Dan Flores.  To the contrary, he grabbed the phone, the phone that was used to harass Mr. Schramm despite being present in a federal building and never made contact with Dan

- 5 -

Flores' person.  The emails and advertisement campaign do in fact serve a legitimate purpose- Mr. Schramm's First Amendment protected speech activity, to notify the public of his encounters and experience with Dan Flores.  So long as Mr. Schramm has not engaged in defamation, which plaintiff has not claimed, or is earning moneys off of Dan Flores' likeness, than such communications are protected speech activities.  If Dan Flores believes Mr. Schramm is violating his rights, he is more than welcome to address it by filing an action against Mr. Schramm, which he has yet to do or indicated.

**IV.   PLAINTIFF FAILS TO ESTABLISH ANY LIKELIHOOD OF IRREPARABLE HARM THAT WOULD RESULT IF THE PROHIBITORY INJUNCTION IS NOT ISSUED**

Plaintiff "may not obtain a preliminary injunction unless [it] can show that irreparable harm is likely to result in the absence of the injunction." *Cottrell*, 632 F.3d at 1135. Such a demonstration requires a showing that such injury is "likely in the absence of an injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009). A mere possibility of irreparable injury is not enough. *Winter*, 555 U.S. at 22; *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1166 (9th Cir. 2011) ("Plaintiffs must show a likelihood, not a mere possibility, of irreparable injury . . .") (emphasis in original). Because the injunction sought by Plaintiff would constitute a prior restraint, that showing must be "particularly strong." *McDermott*, 593 F.3d at 958.

- 6 -

Plaintiff claims that it will suffer irreparable harm, and in support of its assertion, states that Mr. Schramm has emailed Dan Flores with "threats" to erect billboards, a website, and may (without any evidence) dissuade Dan Flores from participating in this action and other members of MGM's legal team from participating in this case.  Further, plaintiff claims that Dan Flores fears for his and that of his family's safety. However, if anything, Dan Flores, despite calls to the contrary by his colleague, entered the elevator with Mr. Schramm, instigated an altercation by threatening Mr. Schramm that a judgment would make this case go away, followed Mr. Schramm around while videotaping him in a federal building, claimed assault but failed to press charges because no such assault occurred.

In fact, Plaintiff has not alleged any irreparable harm other than Mr. Schramm engaging in lawfully protected speech. Mr. Schramm has not and will not engage in any defamatory content and his only intent is to inform the public of his experiences with Dan Flores, experiences that have no relation to this case and instead bear on the incident that occurred after the hearing.  Plaintiff, its employees and attorneys, to date, have not filed any police report. If Dan Flores is worried about his personal safety, one would imagine that he would take all precautions necessary to ensure such safety measures are in place, which would entail informing the police.  Not only has Dan Flores not done so, but he did not

OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER

press any charges for the alleged assault, the assault of which did not occur and, the encounter in which was instigated by Dan Flores himself.  Plaintiff provides no evidence as to any fears of other MGM staff but makes a simple statement to that effect in its moving papers.

## V. THE BALANCE OF EQUITIES WEIGHS AGAINST PLAINTIFF AND IS NOT IN THE PUBLIC INTEREST

Considering Mr. Schramm's conduct in completely separate and distinct from the case at hand, automatically the balance of equities weighs in favor of Mr. Schramm and against Plaintiff.  Additionally, Plaintiff is unable to demonstrate that Mr. Schramm's conduct rises to the level of harassment or even threats.  As stated above, Mr. Schramm has not engaged in harassing conduct, has not threatened harm to Plaintiff and is simply exercising his First Amendment constitutional rights in expression.  Curtailing Mr. Schramm's protected speech activity is contrary the constitution and law and allows a powerful corporation like United Artists to do as it pleases and bully others into submission.  Again, Plaintiff has not filed a police report, nor has it pressed charges against Mr. Schramm.  Billboards and communications not related to this case that accurately and truthfully state what transpired is a constitutional right afforded to every American.

//

//

## VI.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion in its entirety.

Dated: October 8, 2019                          **LAW OFFICE OF ERIC SAPIR**

By:    /s/Eric Sapir
Eric Sapir
Attorney for Defendants

**OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**