UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED ARTISTS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED ARTIST STUDIOS LLC, a Nevada limited liability company; UNITED ARTIST FILM FESTIVAL LLC, a Nevada limited liability company; XLI TECHNOLOGIES INC., a revoked Nevada corporation; XLI41 L.L.C., a Nevada limited liability company; JAMES P. SCHRAMM, an individual; and DOES 1–10, inclusive,<br><br>Defendants.<br><br>AND COUNTERCLAIMS. | Case No. 2:19-CV-828-MWF (MAAx)<br><br>**AMENDED PRELIMINARY INJUNCTION** |

-1-

After consideration of Plaintiff and Counter-Defendant United Artists Corporation's ("United Artists") Ex Parte Application for a Temporary Restraining Order and Preliminary Injunction Against Defendant James P. Schramm (the "Ex Parte Application") (Docket No. 83), Defendant Schramm's Opposition (Docket No. 92), United Artists' Reply (Docket No. 99), United Artists' Ex Parte Application for an Order to Show Cause Re Contempt and Sanctions (Docket No. 112), Schramm's Opposition (Docket No. 115), Schramm's Response to the Court's Order to Show Cause Re: Contempt and Sanctions (Docket No. 118), United Artists' Reply (Docket No. 120), all other papers filed herein, and the records of the case, and pursuant to Rule 65 of the Federal Rules of Civil Procedure,

The Court now **ORDERS** as follows:

1. Defendant James P. Schramm is **ENJOINED** during the pendency of this lawsuit from directly or indirectly making any harassing or threatening communications to anyone connected with this lawsuit, including but not limited to Daniel Flores, any employees of United Artists Corporation ("United Artists") or Metro-Goldwyn Mayer Studios Inc. ("MGM"), any lawyers for United Artists or MGM, any lawyers or employees at Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), or any other person working on this lawsuit.

2. For the guidance of the parties, the Court provides a list of conduct from which Defendant James P. Schramm is specifically enjoined during the pendency of this lawsuit. However, this list is not meant to be exhaustive, and Defendant James P. Schramm is **ENJOINED** from directly or indirectly making ***any*** harassing or threatening communication to anyone connected with this lawsuit, as ordered in paragraph 1, whether or not that communication or person is specifically listed below. As the Ninth Circuit has held, the term "'harass' . . . [is] not esoteric or complicated term[] devoid of common understanding." *United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014).

3. For the guidance of the parties, Defendant James P. Schramm is specifically **ENJOINED** during the pendency of this lawsuit from directly or indirectly communicating with Daniel Flores and his family in any manner and for any purpose.

4. For the guidance of the parties, Defendant James P. Schramm is specifically **ENJOINED** during the pendency of this lawsuit from directly or indirectly sending emails, sending texts, making telephone calls, or otherwise communicating with any employees of United Artists or MGM, any lawyers for United Artists or MGM, or any lawyers or employees at Sheppard Mullin regarding any of the following:

    (a) the facts underlying this lawsuit;
    (b) the substance of this lawsuit;
    (c) matters relating to this lawsuit;
    (d) conduct related to this lawsuit;
    (e) any information that personally identifies Daniel Flores and his family, either by name or description;
    (f) any information that personally identifies employees of United Artists or MGM, either by name or description; and
    (g) any information that personally identifies any lawyers for United Artists or MGM; and
    (h) any information that personally identifies lawyers or employees at Sheppard Mullin; and
    (i) any information that personally any other person working on this lawsuit, either by name or description.

5. Defendant James P. Schramm is specifically **ENJOINED** during the pendency of this lawsuit from posting any harassing or threatening content within the city limits of the City of Beverly Hills, California, a compact municipality that contains the MGM and United Artists office at 245 North Beverly Drive, Beverly

Hills, California 90210-5317. Defendant James P. Schramm is further specifically **ENJOINED** from posting any such content within 200 feet of the entrance of the United Artists and MGM office at that address, if such a location falls outside the city limits of Beverly Hills. For the guidance of the parties, the content described in this paragraph includes, but is not limited to, the content described in paragraph 4 above.

6. For the guidance of the parties, Defendant James P. Schramm is further specifically **ENJOINED** from posting the following on any website or blog or Internet forum of any sort the following:

    (a) Any statement in the second person (*i.e.*, "you") directed to Daniel Flores, any employee of United Artists or MGM, any lawyer for United Artists or MGM, or any lawyer or employee of Sheppard Mullin or any other person working on this lawsuit; and

    (b) Any reference whatsoever to a family member of Daniel Flores, any employee of United Artists or MGM, any lawyer for United Artists or MGM, any lawyer or employee at Sheppard Mullin, or any other person working on this lawsuit.

7. Defendant James P. Schramm is further **ORDERED** to remove any statement referenced in paragraph 6 from any website or blog or Internet forum of any sort that is under his control or for which he has the ability to do so.

8. Defendant James P. Schramm is further **ENJOINED** from performing any of these actions through another person or by use of a subterfuge. This Preliminary Injunction shall not be construed to prohibit communications between the counsel of record for the parties.

This Amended Preliminary Injunction **SUPERSEDES** the Court's prior Preliminary Injunction, issued on October 17, 2019. (Docket No. 103).

IT IS SO ORDERED.

Dated: November 27, 2019

_____
MICHAEL W. FITZGERALD
United States District Judge