CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED ARISTS CORPORATION, a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>UNITED ARTIST STUDIOS LLC, a Nevada limited liability company; UNITED ARTIST FILM FESTIVAL LLC, a Nevada limited liability company; XLI TECHNOLOGIES INC., a revoked Nevada corporation; XLI41 L.L.C., a Nevada limited liability company; JAMES P. SCHRAMM, an individual; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No. 2:19-cv-828-MWF (MAAx)<br><br>Before the Honorable Michael W. Fitzgerald<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

The Court previously granted summary judgment in favor of Plaintiff United Artists Corporation ("United Artists") and against Defendant James P. Schramm.

(Docket No. 182). The Court also previously entered a default judgment against the Corporate Defendants. (Docket No. 190). All claims in this action are now resolved.

NOW, THEREFORE, pursuant to Rules 54, 58, and 65(d) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment in favor of United Artists be entered as follows:

1. Schramm is found to have willfully infringed the UNITED ARTISTS Marks under 15 U.S.C. § 1114 and the common law; willfully violated 15 U.S.C. § 1125(a); willfully diluted the UNITED ARTISTS mark under 15 U.S.C. § 1125(c); willfully committed cyberpiracy under 15 U.S.C. § 1125(d); willfully violated California Business & Professions Code section 17200 by engaging in unlawful, unfair, and fraudulent business practices; and willfully committed unfair competition under the common law;

2. Schramm and, as applicable, his agents, servants, employees, partners, representatives, assigns, successors, related companies, and attorneys, and all persons in active concert or participation with Schramm or with any of the foregoing, who receive actual notice of this Final Judgement and Permanent Injunction by personal service or otherwise, are **PERMANENTLY ENJOINED** from the following:

    a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, UNITED ARTISTS Marks, or any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into

      the erroneous belief that any goods or services that Schramm caused to enter the stream of commerce or any of Schramm's commercial activities are sponsored or licensed by United Artists, are authorized by United Artists, or are connected or affiliated in some way with United Artists or the UNITED ARTISTS Marks;

b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks;

c. Implying United Artists' approval, endorsement, or sponsorship of, or affiliation or connection with, Schramm's goods, services, or commercial activities, passing off Schramm's businesses as those of United Artists', or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with United Artists and from otherwise interfering with or injuring the UNITED ARTISTS Marks or the goodwill associated therewith;

d. Engaging in any act which is likely to dilute the distinctive quality of the UNITED ARTISTS Marks and/or injures United Artists' business reputation;

e. Representing or implying that Schramm is in any way sponsored by, affiliated or connected with, or licensed by United Artists;

f. Using "United Artist Studios LLC," "United Artist Film Festival LLC," the UNITED ARTISTS Marks, or any other mark, name,

       symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks, as a trade name; and

    g. Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs a. to g. above.

3. Schramm shall, within fifteen (15) days from the service of this Final Judgment and Permanent Injunction, deliver to United Artists for destruction any and all digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in their possession, custody, or control bearing the UNITED ARTIST STUDIOS and UNITED ARTIST FILM FESTIVAL marks, the UNITED ARTISTS Marks, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the UNITED ARTISTS Marks;

4. Schramm shall transfer to United Artists any and all domain names confusingly similar to United Artists, including, but not limited to, theuaevent.com; theuafilmfestival.com; theunitedartistff.com; theunitedartistfilmfestival.com; uacorporateheadquarters.com; uacorporatestudios.com; uaentertainmentcorp.com; uaffevent.com; uafilmfestival.com; unitedartistdigitalstudios.com; unitedartistff.com; unitedartistfilmfestival.com; unitedartistmet.com; unitedartistmetropolitan.com; unitedartists41.com; unitedartistsdigital.com; unitedartistsentertainmentcorporation.com; unitedartistsreleasing.org; unitedartistsstudiocorporation.com; and unitedartiststudios.com;

5.  United Artists is entitled to recover from Schramm and Defendants United Artist Studios LLC, United Artist Film Festival LLC, XLI Technologies, Inc., and XL141 L.L.C., jointly and severally, profits in the amount of **$463,277.63**; and

6.  United Artists is awarded its costs as provided by law.

Dated: October 29, 2020

_____
MICHAEL W. FITZGERALD
United States District Judge